IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| DEREK J. ANDERSON and KRISTINA ANDERSON | : | BANKRUPTCY NO.: 5-15-bk-01946-JJT |
| | : | |
| DEBTORS | : | |
| | : | |
| DEREK J. ANDERSON | : | {**Nature of Proceeding**: Debtor's Motion Directing Chapter 7 Trustee to Turnover Exempt Property (Doc. #33)} |
| MOVANT | : | |
| | : | |
| vs. | : | |
| | : | |
| MARK J. CONWAY, CHAPTER 7 TRUSTEE, | : | |
| | : | |
| RESPONDENT | : | |

# OPINION

This matter comes before me by way of a Motion filed by Debtor, Derek J. Anderson, requesting that I require the Chapter 7 Trustee, Mark Conway, turn over the sum of $12,725 to the Debtor as part of his claimed exemption. The facts presented to me are neither complicated nor disputed. Nevertheless, from what I can determine, I am dealing with an issue of first impression.

The Debtor and his spouse filed Chapter 7 bankruptcy on May 6, 2015. At that time, the Debtor had a pending back pay claim from an employer, the City of Scranton. Although little detail was provided as to the background of that claim, it was estimated to be valued at $30,000 as referenced on Schedule B of Debtor's schedules. The Debtor claimed an exemption in that settlement of $12,725. Since no timely objection was made to that exemption, it was deemed allowed. Federal Rule of Bankruptcy Procedure 4003(b)(1). As the pleadings will indicate, the

City of Scranton distributed $23,513.83 to the Trustee on June 30, 2016. That amount was calculated by taking $31,095.02[1] and subtracting what was identified as "tax withholding" of $7,581.19. Thereafter, the Trustee reduced the withheld amount from the exemption claim and sent the Debtor the sum of $5,143.81.

As advanced by the Trustee in his brief, the Trustee argues that the Debtor has received the full "benefit" of his exemption of $12,725, being the sum delivered to the Debtor by the Trustee and the total funds withheld and paid to the taxing authorities by the employer on the Debtor's behalf. The Debtor, on the other hand, demands the full amount of his unobjected to exemption.

Initially, I will deal with an alleged procedural infirmity raised by the Trustee. He points out that, in his opinion, this claim should have been advanced as an adversary action under Federal Rule of Bankruptcy Procedure 7001(1) since it is a proceeding to recover money. While the argument is well made, there lies an exception to Rule 7001(1) for dispositions under § 725. That exception appears applicable under these facts, especially when construed to achieve a speedy and inexpensive determination of this proceeding. Federal Rule of Bankruptcy Procedure 1001. I find that this matter can proceed as a contested matter.

Of significant concern to me is that the Trustee wishes to utilize a postpetition transfer of funds from a third party to the taxing authorities as a credit to the exemption. The diversion of estate assets by the City of Scranton to the taxing authorities appears to be a clear violation of § 362(a)(3) and such would normally be considered a nullity. *In re Myers*, 491 F.3d 120, 127 (3rd

---

[1] Documents attached to Debtor's brief identify back pay as being $22,980.28 and interest on back pay as $8,114.74. (See Earnings Statement, Doc. #38 at 14 of 26).

Cir. 2007); *In re Siciliano*, 13 F.3d 748, 750 (3rd Cir. 1994); *Raymark Indus., Inc. v. Lai*, 973 F.2d 1125, 1131 (3rd Cir. 1992); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3rd Cir. 1991). If taxes are to be distributed by reason of the receipt of these funds, they must be done by the trustee whose responsibility it is to address administrative taxes. 11 U.S.C. § 503.

While there appears to be no cases on point, there are established principles which should guide me in disposing of this matter. First, I observe that a debtor "only is entitled to exempt the fair market value of the asset as of the date of the petition up to the dollar limit of the relevant exemption." *In re Orton*, 687 F.3d 612, 618 (3rd Cir. 2012). The commencement of a chapter 7 transfers all of the debtor's assets to the estate. 11 U.S.C. § 541. Liability of employment taxes are not due when they are earned but, rather, when they are paid. *U.S. v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 220, 121 S.Ct. 1433, 1445, 149 L.Ed.2d 401 (2001); *Otte v. United States*, 419 U.S. 43, 47 (1974); *In accord, Guy v. Terex Corp.*, 961 F.2d 1577 (6th Cir. 1992) (unpublished opinion). The estate of a chapter seven debtor is a separate taxable entity which must file tax returns and pay taxes. 26 U.S.C.A. § 1398 (West) ("the taxable income of the estate shall be computed in the same manner as for an individual. The tax shall be computed on such taxable income and shall be paid by the trustee.")

The overarching analysis begins with the fact that the City of Scranton owed a debt of $30,000 plus to the bankruptcy estate, i.e. the Trustee. On its own, the City chose to direct part of that fund to government creditors in apparent violation of the automatic stay. This resulted in the fund being reduced to $23,513.83. It was this amount that was delivered to the Trustee. The amount of $12,725 was claimed exempt by the male Debtor. Distribution of that exact amount is

due for the benefit of the Debtor. *In re Orton*, 687 F.3d 612 (3rd Cir. 2012). Added to that would be interest accumulation on that amount from the date of filing. The total amount would be justifiably reduced by the government taxes that must be withheld from the employees income for his benefit. 26 U.S.C.A. §§ 3401-3402. That would leave the Trustee responsible for whatever tax impact distribution would have to the bankruptcy estate under § 507.

I understand that efforts to disgorge by reason of the payments misdirected by the City of Scranton may prove a waste of resources, but the final conclusion is that the Debtor should not shoulder the tax burden on those sums that flow directly to the benefit of the estate and not the Debtor. The City of Scranton not only withheld taxes arising from the Debtor's portion of his award but also paid over the estate's portion of taxes that should have been borne by the bankrupt estate. The Trustee cannot expect the Debtor to pay the estate's share of income taxes.

The bottom line is the Debtor is entitled to a distribution of income together with withholding on that income totaling $12,725, along with accumulated interest on that sum from May 6, 2015, the date of filing.

My Order will follow.

By the Court,

Date: June 6, 2017

John J. Thomas, Bankruptcy Judge
(CMS)